ON MOTION
BRYSON, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves without opposition to vacate the Court of Appeals for Veterans Claims’ judgments in Stolasz v. Nicholson, 04-0217, 04-0344, 20 Vet.App. 143, Mathew v. Nicholson, 05-1541, 2006 WL 954017, Wright v. Nicholson, 05-1362, 2006 WL 829624, Baur v. Nicholson, 05-1221, 2006 WL 2498175, Ulrey v. Nicholson, 05-0592, 2006 WL 829611, Colvin v. Nicholson, 05-0742, 2006 WL 952643, Davis v. Nicholson, 04-2374, 2006 WL 1726766, Kingery v. Nicholson, 04-2325, 2006 WL 1522458, Munger v. Nicholson, 04-2300, 2006 WL 954884, McKeever v. Nicholson, 05-1100, Swinnerton v. Nicholson, 04-0949, — Vet.App. -, Dipasquala v. Nicholson, 04-1991, 2006 WL 1167678, Edwards v. Nicholson, 04-1988, 2006 WL 954172, Tock v. Nicholson, 04-2259, — Vet.App. -, Woodbury v. Nicholson, 05-0069, 2006 WL 1167657, Moore v. Nicholson, 05-0210, 2006 WL 1727592, and Marietta v. Nicholson, 05-0212, 2006 WL 1727351, and remand these cases for further proceedings consistent with this court’s decision in Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir.2006).
In all of the above-captioned cases, the Court of Appeals for Veterans Claims relied on its decision in Smith v. Nicholson, 19 Vet.App. 63 (2005), in concluding that the claimants were entitled to separate ratings for tinnitus in each ear. We reversed that decision, holding that the Court of Appeals for Veterans Claims should have deferred to the Secretary’s interpretation of the regulation at issue, an interpretation that only one rating may be *459 allowed for tinnitus in both ears. Smith, 451 F.3d 1344. Under these circumstances, the requested relief is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The motions to vacate and remand are granted.
(2) All parties shall bear their own costs.